# United States District Court
## District of Massachusetts

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
| v. | (For Offenses Committed On or After November 1, 1987) |
| RONALD MARSHALL | Case Number: 1:96CR10337-001 |
| | George Gormley, Esq. |
| | Defendant's Attorney |

**THE DEFENDANT:**

☒ pleaded guilty to count(s)  1s,2s,3s,4s,5s,6s and 7s

☐ pleaded nolo contendere to count(s) _____ which was accepted by the court.

☐ was found guilty on count(s) _____ after a plea of not guilty.

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 21 U.S.C. § 846 | Conspiracy to Distribute Marijuana | 09/29/1996 | 1s |
| 21 U.S.C. § 841 (a) (1) | Distribution of Marijuana | 05/05/1995 | 2s |
| 21 U.S.C. § 841 (a) (1) | Distribution of Marijuana | 05/08/1995 | 3s |

See Additional Counts of Conviction - Page  2

The defendant is sentenced as provided in pages 2 through __8__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____ (is)(are) dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

| | |
|---|---|
| Defendant's Soc. Sec. No.: 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 | 02/05/1999 |
| Defendant's Date of Birth: 03/03/1947 | Date of Imposition of Judgment |
| Defendant's USM No.: 21361-038 | |
| Defendant's Residence Address: | *(signature)* |
| 182 Wethersfield St. | Signature of Judicial Officer |
| Rowley          MA      01969 | Robert E. Keeton |
| | **United States District Judge** |
| Defendant's Mailing Address: | Name & Title of Judicial Officer |
| 182 Wethersfield St. | |
| Rowley          MA      01969 | Date  2/17/99 |

Judgment-Page  2  of  8

DEFENDANT:      RONALD MARSHALL
CASE NUMBER:    1:96CR10337-001

## ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 21 U.S.C. § 841 (a) (1) | Distribution of Marijuana | 05/11/1995 | 4s |
| 21 U.S.C. § 841 (a) (1) | Distribution of Marijuana | 05/16/1995 | 5s |
| 21 U.S.C. § 841 (a) (1) | Possession with Intent to Distribute Marijuana | 05/31/1995 | 6s |
| 21 U.S.C. § 841 (a) (1) | Possession with Intent to Distribute Marijuana | 09/29/1996 | 7s |

DEFENDANT: RONALD MARSHALL
CASE NUMBER: 1:96CR10337-001

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of    60    month(s)    .

**On counts 1-7 concurrently: 60 months in custody of Bureau of Prisons. Defendant has been in custody November 11, 1996 to the present date.**

☒ The court makes the following recommendations to the Bureau of Prisons:

**1. That defendant be given the opportunity and be directed to participate in drug treatment while in custody.
2. That, if feasible, the defendant be placed in custody in a facility in Florida to facilitate family visitation.**

☒ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

☐ at _____ a.m./p.m. on _____.

☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

☐ before 2 p.m. on _____.

☐ as notified by the United States Marshal.

☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
Deputy U.S. Marshal

DEFENDANT: RONALD MARSHALL
CASE NUMBER: 1:96CR10337-001

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of ___48___ month(s).

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

☐ The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☒ The defendant shall not possess a firearm as defined in 18 U.S.C. § 921. (Check, if applicable.)

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page (if indicated below).

See Special Conditions of Supervision - Page 6

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT:      RONALD MARSHALL
CASE NUMBER:    1:96CR10337-001

## SPECIAL CONDITIONS OF SUPERVISION

1. The defendant is prohibited from possessing a firearm or other dangerous weapon.

2. The defendant is to participate in a program for substance abuse as directed by the United States Probation Office, which program may include testing to determine whether the defendant has reverted to the use of alcohol or drugs.

3. The defendant is to participate in a mental health program as directed by the United States Probation Office.

DEFENDANT: RONALD MARSHALL
CASE NUMBER: 1:96CR10337-001

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5, Part B.

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| Totals: | $ 450.00 | $ | $ |

☐ If applicable, restitution amount ordered pursuant to plea agreement . . . . . . . . . . . . . . $

# FINE

The above fine includes costs of incarceration and/or supervision in the amount of $ _____ .

The defendant shall pay interest on any fine of more than $2,500, unless the fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 5, Part B may be subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

　　☐ The interest requirement is waived.

　　☐ The interest requirement is modified as follows:

# RESTITUTION

☐ The determination of restitution is deferred until _____ . An Amended Judgment in a Criminal Case will be entered after such a determination.

☐ The defendant shall make restitution to the following payees in the amounts listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order or percentage payment column below.

| Name of Payee | *Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|
| | | | |
| Totals: | $ | $ | |

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994 but before April 23, 1996.

DEFENDANT: RONALD MARSHALL
CASE NUMBER: 1:96CR10337-001

## STATEMENT OF REASONS

☐ The court adopts the factual findings and guideline application in the presentence report.

**OR**

☒ The court adopts the factual findings and guideline application in the presentence report except (see attachment, if necessary):
**See Additional Factual Findings and Guideline Application Exceptions - Page 9**

**Guideline Range Determined by the Court:**

Total Offense Level: 32

Criminal History Category: VI

Imprisonment Range: 151-188

Supervised Release Range: 48-60

Fine Range: $ 15,000.00 to $ 8,000,000.00

☒ Fine waived or below the guideline range because of inability to pay.

Total Amount of Restitution: $ _____

☐ Restitution is not ordered because the complication and prolongation of the sentencing process resulting from the fashioning of a restitution order outweighs the need to provide restitution to any victims, pursuant to 18 U.S.C. § 3663(d).

☐ For offenses committed on or after September 13, 1994 but before April 23, 1996 that require the total amount of loss to be stated, pursuant to Chapters 109A, 110, 110A, and 113A of Title 18, restitution is not ordered because the economic circumstances of the defendant do not allow for the payment of any amount of a restitution order, and do not allow for the payment of any or some portion of a restitution order in the forseeable future under any reasonable schedule of payments.

☐ Partial restitution is ordered for the following reason(s):

☐ The sentence is within the guideline range, that range does not exceed 24 months, and the court finds no reason to depart from the sentence called for by the application of the guidelines.

**OR**

☐ The sentence is within the guideline range, that range exceeds 24 months, and the sentence is imposed for the following reason(s):

**OR**

☒ The sentence departs from the guideline range:

☐ upon motion of the government, as a result of defendant's substantial assistance.

☒ for the following specific reason(s):

**See Page 5 and 6 of Memorandum of Sentencing Hearing and Report of Statement of Reasons.**

DEFENDANT:      RONALD MARSHALL
CASE NUMBER:    1:96CR10337-001

## ADDITIONAL FINDINGS AND GUIDELINE APPLICATIONS EXCEPTIONS

**Defendant's Objections 1 and 2: Taken care of by Addendum to PSR.**
**Defendant's Objection 3: Sustained. Departure under 5H1.4, 5K2.13, and other grounds as explained. See 9(b), of Memorandum of Sentencing Hearing and Statement of Reasons, attached.**

C:\wp50\docs\form.sen (9/8/89)

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA

v.   CRIMINAL NO. 96-10337-REK

**RONALD MARSHALL,**
    Defendant

# MEMORANDUM OF SENTENCING HEARING AND REPORT OF STATEMENT OF REASONS

**KEETON, D.J.**

Counsel and the defendant were present for sentencing hearing on **February 5, 1999.** The matters set forth were reviewed and considered. The reasons for sentence pursuant to Title 18 U.S.C. §3553(c), as set forth herein, were stated in open court:

1. Was the presentence investigation report (PSI) reviewed by counsel and defendant including any additional materials received concerning sentencing?   __X__Yes _____No

2.(a) Was information withheld pursuant to FRCrP 32(c)(3)(A)?   _____Yes __X__No

   (b) If yes to (a), has summary been provided by the court pursuant to FRCrP 32(c)(3)(B)?   _____Yes _____No

3.(a) Were all factual statements contained in the PSI adopted without objection?   _____Yes __X__No

   (b) If no to (a) the PSI was adopted in part with the exception of the following factual issues in dispute:

**Defendant's Objections 1 and 2: Taken care of by Addendum to PSR.**

**Defendant's Objection 3: Sustained. Departure under 5H1.4, 5K2.13, and other grounds explained below. See 9(b), infra.**

(c)  Disputed issues have been resolved as
follows after ___ evidentiary hearing, __ further
submissions and/or __ arguments:

4.(a) Are any legal issues in dispute?                                    __X__Yes ____No

If yes, describe disputed issues and their resolution:

**See 3(b) and 9(b).**

5.(a) Is there any dispute as to guideline
applications (such as offense level, criminal
history category, fine or restitution) as
stated in the PSI?                                                        __X__Yes ____No

If yes, describe disputed areas and their resolution:

**See 3(b) and 9(b).**

(b) Tentative findings as to applicable guidelines are

Total Offense Level: _____32_____ (21 but for 4B1.1 and career offender)

Criminal History Category: ___VI___

**Career offender**
___151___ to ___188*___ months imprisonment**

*Would be 57-71 under 21 and IV, but for 4B1.1.
**Under 4B1.1.

___48___ to ___60___ months supervised release

$_15,000_ to $_8,000,000_ fine (plus $ 14,520 cost of annual
                                            imprisonment/supervision)

$___N/A___ restitution

$___450___ special assessment ($_100 each__ on COUNTS 1 and 7 and
                                          $50 on COUNTS 2-6)

2

        tentative findings?　　　　　　　　　　　　　　  __X__ Yes _____No

  (b)    If no, findings are adopted by the Court.

  (c)    If yes, describe objections and how they were addressed:

        <u>See</u> **3(b) and 9(b).**

        OR sentence hearing is continued to _____
        to allow for preparation of oral argument or filing of
        written submissions by _____.

7.(a)    Remarks by counsel for defendant.*　　　　　  __X__ Yes _____No

  (b)    Defendant speaks on own behalf.　　　　　　  __X__ Yes _____No

  (c)    Remarks by counsel for government.　　　　　  __X__ Yes _____No

        *The order of argument and/or recommendations and allocution may be altered to accord with the Court's practice.

3

8.      The sentence will be imposed in accordance with the prescribed forms in Bench Book Sec. 5.02 as follows:

_____60_____ months imprisonment

_____ months/intermittent community confinement

_____ months probation

_____48_____ months supervised release

$____None____ fine (including cost of imprisonment/supervision)

$____N/A_____ restitution

$____450_____ special assessment ($ 100 each on COUNTS 1 and 7 and $50 on COUNTS 2-6)

Other provisions of sentence: (community service, forfeiture, etc.)

**On Counts 1-7 concurrently:** **60** **months in custody of Bureau of Prisons, followed by 48 months Supervised Release. Special Assessments of $100 each on Counts 1 and 7 and $50 each on Counts 2-6, for a total of $450.**

**No fine because of lack of resources. Restitution N/A.**

**Special Conditions of Supervised Release:**
1.    The defendant is prohibited from possessing a firearm or other dangerous weapon.

2.    The defendant is to participate in a program for substance abuse as directed by the United States Probation Office, which program may include testing to determine whether the defendant has reverted to the use of alcohol or drugs.

3.    The defendant is to participate in a mental health program as directed by the United States Probation Office.

**Finding:** Defendant has been in custody November 11, 1996 to the present date.

**Recommendation:**
(1)    That defendant be given the opportunity and be directed to participate in drug treatment while in custody.

(2)    That, if feasible, the defendant be placed in custody in a facility in Florida to facilitate family visitation.

4

Statement of Reasons for Imposing Sentence

Check appropriate space:

(a)\_\_\_\_Sentence is within the guideline range and that range does not exceed 24 months and the Court finds no reason to depart from the sentence called for by application of the guidelines.

OR\_\_\_\_ Sentence is within the guideline range and that range exceeds 24 months and the reasons for imposing the selected sentence are:


(b)\_\_X\_\_Sentence departs from the guideline range as a result of

\_\_\_\_substantial cooperation upon motion of the government

   OR

\_X\_ a finding that the following (aggravating or mitigating) circumstance exists that is of a kind or degree not adequately taken into consideration by the Sentencing Commission in formulating the guidelines and that this circumstance should result in a sentence different from that described by the guidelines for the following reasons:

Under 4B1.1(C), for a career offender the guideline range is determined by substituting for the Total Offense Level as otherwise determined a Total Offense Level consistent with the Maximum Sentence under the statute violated that has the highest maximum. In this instance that statute is the one defendant is charged with violating in Count 1. The maximum is 20 years. Because this is "20 years or more," but "less than 25 years," the Total Offense Level is 32.

The career offender status raises the Criminal History Category to VI. For Total Offense Level 32, Category VI, the range is 151 to 188 months, whereas the range would otherwise be for Total Offense Level 21, Category VI, a period of 57 to 71 months.

I take note that Congress manifested an expectation that the conduct included within the scope of this statute would have a wider than ordinary spread between the least culpable and the most culpable conduct within its reach. I find also that this is an exceptional circumstance not fully considered by the Sentencing Commission in the promulgation of §4B1.1. I find also, under United States v. Rivera, United States v. Koon, and precedents stemming from those seminal decisions, that a departure in the distinctive circumstances of this case (which also include other suggested grounds of departure identified below) is a discouraged departure but nevertheless authorized departure because the offense in this case is, in culpability, not within the heartland at which the trumping provisions of 4B1.1 were aimed.

Under 5K2.0, I find that mitigating circumstances of a kind and to a degree not adequately taken into consideration by the Sentencing Commission in formulating the guidelines take this case out of the heartland for 4B1.1 and warrant a downward departure.

5

I find that defendant is, and was at the time of the offense conduct, suffering from a physical condition that invokes consideration of 5H1.4. I do <u>not</u> find that this mitigating circumstance was so serious that it alone justified downward departure. I do <u>not</u> find that it stripped him of capacity to understand the wrongful quality of his return to drug abuse and do not find that it stripped him of capacity to conform his conduct with the requirements of law. <u>I do find</u>, however, that his previous addiction and his susceptibility to return to drug abuse was a factor, along with extremely stressful circumstances with respect to his being the only available adult to care for his son, then about 7 or 8 years old and now only 11 years old, and the break-up with the woman with whom he had for a significant period of time had a troubled relationship. For these reasons, under 5H1.6, I take into account family ties and responsibilities as a factor even though, standing alone, they could not warrant departure.

As a practical matter, also, 4B1.1, as applied to this case, wipes out all effect of the 3-point allowance for acceptance of responsibility. I take this into account as a factor.

Though no single one of all these factors was alone enough to warrant a downward departure from the sentencing-guideline range, I find that the combination does warrant a downward departure of 14 levels from level 32 to level 18. I will therefore sentence within the range set for level 18 and Criminal History Category VI, which is 57-71 months.

(c) ____ Is restitution applicable in this case?  ____Yes __X__No

    Is full restitution imposed?  ____Yes ____No

    If no, less than full restitution is imposed for the following reasons:

(d) __ Is a fine applicable in this case?  __X__Yes ____No

    Is the fine within the guidelines imposed?  ____Yes __X__No

    If no, the fine is not within guidelines or no fine is imposed for the following reasons:

    __X__ Defendant is not able, and even with the use of a reasonable installment schedule is not likely to become able, to pay all or part of the required fine; or

    ____ Imposition of a fine would unduly burden the defendant's dependents; or

    ____ Other reasons as follows:

(a) If no to 10, was notice given to
defendant of right to appeal and
to have counsel on appeal?  \_\_\_\_\_Yes \_\_\_\_\_No

    Did defendant request court to direct
    Clerk to file Notice of Appeal? \_\_\_\_\_Yes \_\_\_\_\_No

    Was Clerk so directed? \_\_\_\_\_Yes \_\_\_\_\_No

(b) If yes to 10,

(1) was notice given to defendant
of right to appeal (<u>as to sentencing
determination</u>) and to have counsel
on appeal? __X__Yes \_\_\_\_\_No
\_\_\_\_Not Applicable

    Did defendant request court to direct
    Clerk to file Notice of Appeal? \_\_\_\_\_Yes __X__No

    Was Clerk so directed? \_\_\_\_\_Yes __X__No

(2) check appropriate space:

\_\_\_\_ The Court has accepted a Rule 11(e)(1)(A) charge
agreement because it is satisfied that the agreement
adequately reflects seriousness of the actual offense
behavior and accepting the plea agreement will not
undermine the statutory purposes of sentencing.

\_\_\_\_ The Court has accepted a Rule 11(e)(1)(B) plea
and has sentenced within the guideline range.

\_\_\_\_ The Court has accepted a Rule 11(e)(1)(C)
sentence agreement that is within the applicable
guideline range.

__X__ The Court has accepted either a Rule 11(e)(1)(B)
sentence recommendation or a Rule 11(e)(1)(C)
sentence agreement that departs from the applicable
guideline range because the Court is satisfied that
such a departure is authorized by 18 U.S.C. §3553(b).

7

11. Suggestions for guideline revisions resulting from this case are submitted by an attachment to this report.                                      ___ Yes  _X_ No

12. The PSI is adopted as part of the record, either in whole or in part as discussed above and is to be maintained by the U.S. Probation Department under seal unless required for appeal.

13. Judgment will be prepared by the clerk in accordance with above.

14. The clerk will provide this Memorandum of Sentencing Hearing And Report of Statement of Reasons to the U.S. Probation Department for forwarding to the Sentencing Commission, and if the above sentence includes a term of imprisonment, to the Bureau of Prisons.

_2/5_, 1999                                            _Robert E Keeton_
DATE                                                  UNITED STATES DISTRICT JUDGE

8